**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| EVERETT FINANCIAL, INC. d/b/a SUPREME LENDING, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| PRIMARY RESIDENTIAL MORTGAGE, INC.; BARRY G. JONES, individually; JAMES DURHAM, individually; and SHANNON FORTNER, individually, | § § § § § | |
| Defendants. | § § | |
| | § | Civil Action No. 3:14-cv-01028-D |
| BARRY G. JONES, individually; JAMES DURHAM, individually; and SHANNON FORTNER, individually, | § § § § | |
| Counter–Plaintiffs, | § § | |
| v. | § § | |
| EVERETT FINANCIAL, INC. d/b/a SUPREME LENDING and SCOTT EVERETT, individually, | § § § § | |
| Counterclaim Defendants. | § § | |

**DEFENDANTS/COUNTER–PLAINTIFFS BARRY JONES, JAMES DURHAM, AND**
**SHANNON FORTNER'S ORIGINAL ANSWER TO PLAINTIFF'S**
**THIRD AMENDED COMPLAINT**

Defendants/Counter-Plaintiffs Barry Jones, James Durham and Shannon Fortner (collectively "Defendants") files this their Original Answer (the "Answer") to the Third Amended Complaint [Dkt. No. 52] (the "Third Amended Complaint") filed by Plaintiff Everett Financial, Inc. d/b/a Supreme Lending ("Supreme Lending") and, in support, respectfully shows the Court as follows:

## DEFENDANTS' ANSWER

Subject to the affirmative and other defenses asserted herein, and reserving the right to assert additional defenses and/or amend its Answer as additional facts are discovered during this lawsuit, Defendants plead as follows to the allegations contained in the Third Amended Complaint:

## PRELIMINARY STATEMENT

As to the allegations contained in the first sentence of the Third Amended Complaint's Preliminary Statement, Defendants admit that Supreme Lending is a "mortgage banker and broker with branches throughout the country"; however, Defendants deny the remaining allegations contained in the first sentence of the Third Amended Complaint's Preliminary Statement. Defendants deny the allegations contained in the third sentence of the Third Amended Complaint's Preliminary Statement. As to the allegations contained in the third sentence of the Third Amended Complaint's Preliminary Statement, Defendants admit that PRMI is a competitor of Supreme Lending; however, Defendants deny the remaining allegations contained in the third sentence of the Third Amended Complaint's Preliminary Statement, including each of the bullet point allegations listed thereafter. Defendants deny the allegations contained in the fourth sentence of the Third Amended Complaint's Preliminary Statement. As for the allegations contained in the fifth sentence of the Third Amended Complaint's Preliminary Statement, Defendants admit that Supreme Lending filed this lawsuit seeking redress; however, Defendants deny the remaining allegations contained in the fifth sentence of the Third Amended Complaint's Preliminary Statement. As explained more fully in this Answer and Defendants previously filed counterclaims, Defendants did not engage in any wrongful conduct. Defendants further deny any and all remaining allegations contained in the

Third Amended Complaint's Preliminary Statement that are not expressly admitted in this Answer.

## PARTIES

1.     Defendants admit the allegations contained in Paragraph 1 of the Third Amended Complaint

2.     Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 2 of the Third Amended Complaint.

3.     Defendant Jones admits the allegations contained in Paragraph 3 of the Third Amended Complaint.

4.     Defendant Durham admits he is an Alabama citizen whose domicile address is as alleged in Paragraph 4 of the Third Amended Complaint; however, his zip code is 36804.

5.     Defendant Fortner admits the allegations contained in Paragraph 5 of the Third Amended Complaint.

## JURISDICTION AND VENUE

6.     Defendants admit the allegations contained in Paragraph 6 of the Third Amended Complaint.

7.     The allegations contained in Paragraph 7 of the Third Amended Complaint state legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Defendants deny all such allegations.   Pleading further, Defendants admit that the three (3) "Confidentiality, Inventions and Non-Solicitation Agreement[s]" that are attached to the Third Amended Complaint contain governing law and venue clauses; however, Defendants plead that such contracts and/or certain of their terms are unenforceable, inapplicable, and/or were superseded or otherwise rendered ineffective, in

whole or in part, because of Supreme Lending's conduct and/or prior, contemporaneous, and/or later agreements. Defendants further plead that the contracts referenced in Paragraph 7 of the Third Amended Complaint speak for themselves, and Defendants deny each and every allegation contained in Paragraph 7 of the Third Amended Complaint that is inconsistent with or contrary to the terms of such contracts or Supreme Lending's prior, contemporaneous, and/or later agreements with Defendants and/or Supreme Lending's conduct in connection with those contracts. Defendants further deny any and all remaining allegations contained in Paragraph 7 of the Third Amended Complaint that are not expressly admitted in this Answer.

8.      As to the allegations contained in the first sentence of Paragraph 8 of the Third Amended Complaint that "[t]his Court has personal jurisdiction over Jones because he conducts business in the State of Texas[,]" such allegations state legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Defendant Jones states that his contacts with the State of Texas are insufficient to establish personal jurisdiction; therefore, Defendant Jones denies such allegations. Defendant Jones denies the allegations contained in the third sentence of Paragraph 8 of the Third Amended Complaint. As to the allegations contained in the third sentence of Paragraph 8 of the Third Amended Complaint, Defendant Jones admits that the "Confidentiality, Inventions, and Non-Solicitation Agreement" between Supreme Lending and Defendant Jones that is attached to the Third Amended Complaint contains a governing law and venue clause. Defendant Jones further pleads that any contracts referenced in Paragraph 8 of the Third Amended Complaint speak for themselves, and Defendant Jones denies each and every allegation contained in Paragraph 8 of the Third Amended Complaint that is inconsistent with or contrary to the terms of such contracts or Supreme Lending's prior, contemporaneous, and/or

later agreements with Defendants and/or Supreme Lending's conduct in connection with those contracts.   Defendant Jones further denies any and all remaining allegations contained in Paragraph 8 of the Third Amended Complaint that are not expressly admitted in this Answer.

9.       As to the allegations contained in the first sentence of Paragraph 9 of the Third Amended Complaint that "[t]his Court has personal jurisdiction over Durham because he conducts business in the State of Texas[,]" such allegations state legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Defendant Durham states his contacts with the State of Texas are insufficient to establish personal jurisdiction; therefore, Defendant Durham denies such allegations.   Defendant Durham denies the allegations contained in the third sentence of Paragraph 9 of the Third Amended Complaint.   As to the allegations contained in the third sentence of Paragraph 9 of the Third Amended Complaint, Defendant Durham admits that the "Confidentiality, Inventions, and Non-Solicitation Agreement" between Supreme Lending and Defendant Durham that is attached to the Third Amended Complaint contains a governing law and venue clause.   Defendant Durham further pleads that the contracts referenced in Paragraph 9 of the Third Amended Complaint speak for themselves, and Defendant Durham denies each and every allegation contained in Paragraph 9 of the Third Amended Complaint that is inconsistent with or contrary to the terms of such contracts or Supreme Lending's prior, contemporaneous, and/or later agreements with Defendants and/or Supreme Lending's conduct in connection with those contracts.   Defendant Durham further denies any and all remaining allegations contained in Paragraph 9 of the Third Amended Complaint that are not expressly admitted in this Answer.

10.       As to the allegations contained in the first sentence of Paragraph 10 of the Third Amended Complaint that "[t]his Court has personal jurisdiction over Fortner because he

conducts business in the State of Texas[,]" such allegations state legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Defendant Fortner states that his contacts with the State of Texas are insufficient to establish personal jurisdiction; therefore, Defendant Fortner denies such allegations. Defendant Fortner denies the allegations contained in the third sentence of Paragraph 10 of the Third Amended Complaint. As to the allegations contained in the third sentence of Paragraph 10 of the Third Amended Complaint, Defendant Fortner admits that the "Confidentiality, Inventions, and Non-Solicitation Agreement" between Supreme Lending and Defendant Fortner that is attached to the Third Amended Complaint contains a governing law and venue clause. Defendant Fortner further pleads that the contracts referenced in Paragraph 10 of the Third Amended Complaint speak for themselves, and Defendant Fortner denies each and every allegation contained in Paragraph 10 of the Third Amended Complaint that is inconsistent with or contrary to the terms of such contracts or Supreme Lending's prior, contemporaneous, and/or later agreements with Defendants and/or Supreme Lending's conduct in connection with those contracts. Defendant Fortner further denies any and all remaining allegations contained in Paragraph 10 of the Third Amended Complaint that are not expressly admitted in this Answer.

11.     Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 11 of the Third Amended Complaint.

## FACTUAL BACKGROUND

12.     Defendants admit the allegations contained in Paragraph 12 of the Third Amended Complaint.

13.     Defendants are without knowledge or information sufficient to admit or deny the allegations contained in the first two sentences of Paragraph 13 of the Third Amended

Complaint; therefore, such allegations are denied.  Defendants are without sufficient knowledge to admit or deny the allegations contained in the third sentence of Paragraph 13 of the Third Amended Complaint, except Defendants admit that they were Producing Branch Managers for Supreme Lending and worked with certain Supreme Lending employees in Dallas and deny that the branch employees who worked for them reported to Supreme Lending's corporate office in Dallas, Texas.  As to the allegation in the fourth sentence of Paragraph 13 of the Third Amended Complaint, such allegation states a legal conclusion to which no responsive pleading is required. Defendants deny the allegations contained in the fifth sentence of Plaintiff's Third Amended Complaint.

14.     Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 14 of the Third Amended Complaint; therefore, such allegations are denied.

15.     Defendants deny the allegations contained in Paragraph 15 of the Third Amended Complaint.

16.     As to the allegations contained in Paragraph 16 of the Third Amended Complaint, Defendants admit that Supreme Lending attached to the Third Amended Complaint three (3) "Producing Branch Manager Agreement[s]", and three (3) "Confidentiality, Inventions and Non-Solicitation Agreement(s)" but Defendants deny the allegations contained in Paragraph 16 of the Third Amended Complaint to the extent Supreme Lending is asserting that any of the Defendants breached or otherwise violated any of those agreements and/or any other alleged agreements and Defendants plead that such agreements and/or certain of their terms are unenforceable, inapplicable, and/or were superseded or otherwise rendered ineffective, in whole or in part, because of Supreme Lending's conduct and/or prior, contemporaneous, and/or later

agreements.  Defendants further plead that the agreements speak for themselves, and therefore deny each and every allegation contained in Paragraph 16 of the Third Amended Complaint that is inconsistent with or contrary to the terms of those agreements or Supreme Lending's prior, contemporaneous, and/or later agreements with the Branch Managers and/or Supreme Lending's conduct in connection with those agreements. Defendants further deny any and all remaining allegations contained in Paragraph 16 of the Third Amended Complaint that are not expressly admitted in this Answer.

17.     Defendant Jones admits that the "Producing Branch Manager Agreement" between Supreme Lending and Defendant Jones that is attached to the Third Amended Complaint contains Jones' electronic signature.  Defendant Jones further pleads that the Jones BM Agreement speaks for itself, and Defendant Jones denies each and every allegation contained in Paragraph 17 of the Third Amended Complaint that is inconsistent with or contrary to the terms of the Jones BM Agreement or Supreme Lending's prior, contemporaneous, and/or later agreements with the Branch Managers and/or Supreme Lending's conduct in connection with those agreements.  Defendant Jones is without knowledge or information sufficient to admit or deny the allegations contained in footnote 2 of the Third Amended Complaint; therefore, such allegations are denied.  Defendant Jones denies the allegations contained in Paragraph 17 of the Third Amended Complaint that "pursuant to [the Jones BM Agreement] he agreed to serve as a producing branch manager for Supreme Lending subject to the terms and conditions of the Jones BM Agreement" because Defendant Jones pleads that the Jones BM Agreement and/or certain of its terms are unenforceable, inapplicable, and/or were superseded or otherwise rendered ineffective, in whole or in part, because of Supreme Lending's conduct and/or prior, contemporaneous, and/or later agreements.  Defendant Jones further denies any and all

remaining allegations contained in Paragraph 17 of the Third Amended Complaint that are not expressly admitted in this Answer.

18.      Defendant Durham admits that the "Producing Branch Manager Agreement" between Supreme Lending and Defendant Durham that is attached to the Third Amended Complaint contains Durham's electronic signature.  Defendant Durham further pleads that the Durham BM Agreement speaks for itself, and Defendant Durham denies each and every allegation contained in Paragraph 18 of the Third Amended Complaint that is inconsistent with or contrary to the terms of the Durham BM Agreement or Supreme Lending's prior, contemporaneous, and/or later agreements with the Branch Managers and/or Supreme Lending's conduct in connection with those agreements.  Defendant Durham is without knowledge or information sufficient to admit or deny the allegations contained in footnote 3 of the Third Amended Complaint; therefore, such allegations are denied.  Defendant Durham denies the allegations contained in Paragraph 18 of the Third Amended Complaint that "pursuant to [the Durham BM Agreement] he agreed to serve as a producing branch manager for Supreme Lending subject to the terms and conditions of the [Durham] BM Agreement" because Defendant Durham pleads that the Durham BM Agreement and/or certain of its terms are unenforceable, inapplicable, and/or were superseded or otherwise rendered ineffective, in whole or in part, because of Supreme Lending's conduct and/or prior, contemporaneous, and/or later agreements.  Defendant Durham further denies any and all remaining allegations contained in Paragraph 18 of the Third Amended Complaint that are not expressly admitted in this Answer.

19.      Defendant Fortner admits that the "Producing Branch Manager Agreement" between Supreme Lending and Defendant Fortner that is attached to the Third Amended Complaint contains Fortner's electronic signature.  Defendant Fortner further pleads that the

Fortner BM Agreement speaks for itself, and Defendant Fortner denies each and every allegation contained in Paragraph 19 of the Third Amended Complaint that is inconsistent with or contrary to the terms of the Fortner BM Agreement or Supreme Lending's prior, contemporaneous, and/or later agreements with the Branch Managers and/or Supreme Lending's conduct in connection with those agreements.   Defendant Fortner is without knowledge or information sufficient to admit or deny the allegations contained in footnote 4 of the Third Amended Complaint; therefore, such allegations are denied.   Defendant Fortner denies the allegations contained in Paragraph 19 of the Third Amended Complaint that "pursuant to [the Fortner BM Agreement] he agreed to serve as a producing branch manager for Supreme Lending subject to the terms and conditions of the Fortner BM Agreement" because Defendant Fortner pleads that the Fortner BM Agreement and/or certain of its terms are unenforceable, inapplicable, and/or were superseded or otherwise rendered ineffective, in whole or in part, because of Supreme Lending's conduct and/or prior, contemporaneous, and/or later agreements.   Defendant Fortner further denies any and all remaining allegations contained in Paragraph 19 of the Third Amended Complaint that are not expressly admitted in this Answer.

20.     Defendants admit the allegations contained in the first sentence of Paragraph 20 the Third Amended Complaint.   As to the allegations contained in the second sentence of Paragraph 20 of the Third Amended Complaint that "[t]he Jones BM Agreement, Durham BM Agreement, and Fortner BM Agreement (collectively, the 'Branch Manager Agreements') are enforceable contracts[,]" and the allegations contained in footnote 5 of the Third Amended Complaint such allegations state legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Defendants deny the allegations and Defendants plead that the Branch Manager Agreements and/or certain of their terms are

unenforceable, inapplicable, and/or were superseded or otherwise rendered ineffective, in whole or in part, because of Supreme Lending's conduct and/or prior, contemporaneous, and/or later agreements.   With that said, Defendants admit that Paragraph 20 of the Third Amended Complaint accurately quotes language from the "Producing Branch Manager Agreement[s]" that are attached to the Third Amended Complaint. As to the allegations contained in the third sentence of Paragraph 20 of the Third Amended Complaint that "[s]imilar provisions appeared in Branch Manager Agreements signed by the Branch Manager in 2013", Defendants plead that any such agreements speak for themselves, and Defendants deny each and every allegation contained in Paragraph 20 of the Third Amended Complaint that is inconsistent with or contrary to the terms of those agreements or Supreme Lending's prior, contemporaneous, and/or later agreements with Defendants and/or Supreme Lending's conduct in connection with those agreements. Defendants further plead that any such agreements and/or certain or their terms are unenforceable, inapplicable, and/or were superseded or otherwise rendered ineffective, in whole or in part, because of Supreme Lending's conduct and/or prior, contemporaneous, and/or later agreements. As for the allegations in the fourth sentence in Paragraph 20 of the Third Amended Complaint that "[o]ther Supreme Lending employees, including those that worked under the Branch Managers in the southeast region, entered agreements with Supreme Lending containing similar provisions", Defendants are without knowledge or information sufficient to admit or deny the allegations contained in this sentence; therefore, such allegations are denied. Defendants deny any and all remaining allegations contained in Paragraph 20 of the Third Amended Complaint that are not expressly admitted in this Answer.

21.    As to the allegation contained in Paragraph 21 of the Third Amended Complaint that "the Branch Managers also entered Confidentiality, Inventions, and Non-Solicitation

Agreements with Supreme Lending[,]" Defendants admit that Supreme Lending attached to the Third Amended Complaint three (3) "Confidentiality, Inventions, and Non-Solicitation Agreement[s]", but Defendants deny the allegations in Paragraph 21 of the Third Amended Complaint to the extent Supreme Lending is asserting that any of the Branch Managers breached or otherwise violated any of the "Confidentiality, Inventions, and Non-Solicitation Agreement[s]" and Defendants plead that such agreements and/or certain of their terms are unenforceable, inapplicable, and/or were superseded or otherwise rendered ineffective, in whole or in part, because of Supreme Lending's conduct and/or prior, contemporaneous, and/or later agreements. Defendants deny the allegation contained in Paragraph 21 of the Third Amended Complaint that the Confidentiality, Inventions, and Non-Solicitation Agreements were a "prerequisite to [the Branch Managers'] employment with Supreme Lending". Defendants further plead that the "Confidentiality, Inventions, and Non-Solicitation Agreement[s]" speak for themselves, and Defendants deny each and every allegation contained in Paragraph 21 of the Third Amended Complaint that is inconsistent with or contrary to the terms of the "Confidentiality, Inventions, and Non-Solicitation Agreement[s]". Defendants further deny any and all remaining allegations contained in Paragraph 21 of the Third Amended Complaint that are not expressly admitted in this Answer.

22.     Defendants Jones and Durham admit they executed the agreements reference in Paragraph 22 of the Third Amended Complaint. Defendant Fortner admits that he executed the agreement reference in Paragraph 22 of the Third Amended Complaint but is without knowledge or information sufficient to admit the exact date it was executed. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in footnotes 6 through 8 of the Third Amended Complaint.

23.     The allegations contained in Paragraph 23 of the Third Amended Complaint that "[t]he Jones Confidentiality Agreement, Durham Confidentiality Agreement, and Fortner Confidentiality Agreement (collectively, the 'Confidentiality Agreements') are valid, enforceable contracts" state legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Defendants deny such allegations and Defendants plead that the Confidentiality Agreements and/or certain of their terms are unenforceable, inapplicable, and/or were superseded or otherwise rendered ineffective, in whole or in part, because of Supreme Lending's conduct and/or prior, contemporaneous, and/or later agreements.   With that said, Defendants admit that Paragraph 23 of the Third Amended Complaint accurately quotes language from the "Confidentiality, Inventions and Non-Solicitation Agreement[s]" that are attached to the Third Amended Complaint; however, Defendant Fortner further pleads that the "Confidentiality, Inventions and Non-Solicitation Agreement" between Supreme Lending and Defendant Fortner that is attached to the Third Amended Complaint has the following quoted language crossed out with Defendant Fortner's initials beside the stricken language:

(a)     **Associations with Co-Workers.** Employee agrees that during his or her employment and for two (2) years following the termination of his or her employment for any reason, neither he or she nor his or her affiliates will . . . employ or solicit or attempt to employ or solicit for any employment any of Employer's current employees. Employee and his or her affiliates will not, either directly or indirectly or by acting in concert with others, seek to induce or influence any employee to leave Employer's employment.

(b)     **Solicitation of Customers.** Employee agrees that during his or her retention and for two (2) years following the termination of his or her employment for any reason, neither he, she nor his or her affiliates will, by himself or herself or by acting in concert with others, solicit any of Employer's customers or prospective customers existing as of the date of termination that Employee directly serviced, was assigned to, or was responsible for during the twelve (12) month period immediately preceding termination of Employee's

employment with Employer. Employee further agrees not to take any other action to divert business from Employer or influence any vendor, supplier, customer or potential customer of Employer to cease doing business with Employer.

As to the allegations contained in the final sentence of Paragraph 23 of the Third Amended Complaint that "[e]mployees working under the Branch Managers in the southeast region had agreements with Supreme Lending containing similar provisions," Defendants are without knowledge or information sufficient to admit or deny the allegations contained in this sentence, therefore, such allegations are denied. Defendants further deny any and all remaining allegations contained in Paragraph 23 of the Third Amended Complaint that are not expressly admitted in this Answer.

24.     Defendants admit the allegations contained in the first sentence of Paragraph 24 of Plaintiff's Third Amended Complaint. Defendants admit that Defendant Fortner continued working at Supreme Lending after he crossed out the non-solicitation covenants in his Confidentiality Agreements as alleged in the second sentence of Paragraph 24 of Plaintiff's Third Amended Complaint; however, Defendants deny the remaining allegations contained in the second sentence of Paragraph 24 of the Third Amended Complaint.

25.     Defendants deny the allegations contained in the first two sentences of Paragraph 25 of the Third Amended Complaint including each of the bullet point allegations listed after the second sentence of Paragraph 25 of the Third Amended Complaint.  Defendants are without knowledge or information sufficient to admit or deny the allegations contained in third and fourth sentences of Paragraph 25 of the Third Amended Complaint; therefore, such allegations are denied.  Defendants deny the allegations contained in the fifth sentence of Paragraph 25 of the Third Amended Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of the Third Amended Complaint.

27.     Defendants deny the allegations contained in Paragraph 27 of the Third Amended Complaint, except it is admitted that PRMI's Director of Business Development & Implementation, Charles D. Edington and Defendants executed a Non-Disclosure Agreement.

28.     Defendants admit that the quoted language contained in Paragraph 28 of the Third Amended Complaint is a portion of, and taken out of context from an e-mail from Charles Edington to Barry Jones. Defendants deny that they ever provided any confidential and/or proprietary information of Supreme Lending to PRMI. Defendants further deny any and all remaining allegations contained in Paragraph 28 of the Third Amended Complaint that are not expressly admitted in this Answer.

29.     Defendants admit the allegations contained of Paragraph 29 the Third Amended Complaint.

30.     As to the allegations contained in the first sentence of Paragraph 30 of the Third Amended Complaint, Defendants admit that they had multiple written communications with PRMI through their personal email accounts, as is standard and common in the independent mortgage industry and most other industries when communicating with a potential employee (and is a practice that Supreme Lending also uses, including when it recruited Defendants to Supreme Lending).  As for the allegations contained in the second sentence and third sentence of Paragraph 30 of the Third Amended Complaint, Defendants admit that PRMI sent an email to Defendant Jones' Supreme Lending email account which it did not intend to send to that account, to which Defendant Jones responded: "No big deal."  Defendants deny any and all remaining allegations contained in Paragraph 30 of the Third Amended Complaint that are not expressly admitted in this Answer.

31.     Defendants deny the allegations contained in the first, third, and fourth sentences of Paragraph 31 of the Third Amended Complaint.  Defendants further deny the allegations contained in the second sentence of Paragraph 31 of the Third Amended Complaint, except that it is admitted that Ted Bryant visited PRMI headquarters.

32.     Defendants deny the allegations contained in Paragraph 32 of the Third Amended Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Third Amended Complaint.

34.     As to the allegations contained in the first sentence of Paragraph 34 of the Third Amended Complaint, Defendants admit that, during a recorded telephone call on January 31, 2014, they informed Supreme Lending's President, Scott Everett, that they were resigning from Supreme Lending to pursue employment with PRMI and that Defendants employees would be going with them.  However, Defendants deny that the resignations occurred "without notice[.]" As for the allegations contained in the second sentence of Paragraph 34 of the Third Amended Complaint, Defendants admit that dozens of employees resigned on January 31, 2014; however, Defendants deny the remaining allegations contained in the third sentence of Paragraph 34 of the Third Amended Complaint.  Defendants further deny any and all remaining allegations contained in Paragraph 34 of the Third Amended Complaint that are not expressly admitted in this Answer.

35.     Defendants admit the allegations contained in Paragraph 35 of the Third Amended Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of the Third Amended Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of the Third Amended Complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of the Third Amended Complaint.

39.     Defendants deny the allegations contained in Paragraph 39 of the Third Amended Complaint.

40.     Defendants deny the allegations contained in Paragraph 40 of the Third Amended Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of the Third Amended Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of the Third Amended Complaint.

43.     As to the allegations contained in the first, second, and fourth sentences of Paragraph 43 of the Third Amended Complaint, Defendants are without knowledge or information sufficient to form a belief about the truth or falsity of the allegations; therefore, such allegations are denied.  As to the allegations contained in the third sentence of Paragraph 43 of the Third Amended Complaint, Defendants admit that marketing service agreements are contracts that are generally between real estate professionals and preferred lenders and that they sometimes create a mutually beneficial relationship for the person who has generated and cultivated the relationship.  Defendants deny any and all remaining allegations contained in Paragraph 43 of the Third Amended Complaint that are not expressly admitted in this Answer.

44.     Defendants deny the allegations contained in Paragraph 44 of the Third Amended Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of the Third Amended Complaint.

46.     Defendants deny the allegations contained in Paragraph 46 of the Third Amended Complaint.

47.     Defendants deny the allegations contained in Paragraph 47 of the Third Amended Complaint, except it is admitted that PRMI and Supreme Lending negotiated and executed an Assignment and Assumption of Interest in Commercial Lease relating to leases that Supreme Lending had entered into in (i) Huntsville Alabama, (ii) Auburn, Alabama, (iii) Madison, Alabama, (iv) Montgomery, Alabama, (v) Vestavia Hills, Alabama, (vi) Guntersville, Alabama, (vii) Enterprise, Alabama, (viii) Dothan, Alabama, (ix) Florence, Alabama, (x) Millbrook, Alabama, (xi) Alexander City, Alabama, (xii) Hinesville, Georgia, and (xiii) Memphis, Tennessee.

48.     Defendants deny the allegations contained in Paragraph 48 of the Third Amended Complaint, except it is admitted that Supreme Lending's Auburn, Alabama lease (the "Auburn Lease") contains a clause that prohibits the Auburn Lease from being assigned without the written consent of the property owner.

49.     Defendants deny the allegations contained in Paragraph 49 of the Third Amended Complaint, except it is admitted that Jones negotiated a separate lease in Auburn, Alabama on Supreme Lending's behalf.

50.     Defendants deny the allegations contained in Paragraph 50 of the Third Amended Complaint.

51.     Defendants deny the allegations contained in Paragraph 51 of the Third Amended Complaint, except it is admitted that Defendants agreed to, and did in fact, return to Supreme

Lending in a reasonable amount of time all of the office equipment, including, without limitation, phones, routers, PCs, and laptops that Supreme Lending claimed belonged to it.

52.     Defendants deny the allegations contained in Paragraph 52 of the Third Amended Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of the Third Amended Complaint.

54.     The allegations contained in Paragraph 54 of the Third Amended Complaint state legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Defendants deny all such allegations.

55.     The allegations contained in Paragraph 55 of the Third Amended Complaint state legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Defendants deny all such allegations.

**CAUSES OF ACTION**
**COUNT ONE: BREACH OF CONTRACT—BRANCH MANAGER AGREEMENT**
**(Against Jones, Durham, and Fortner)**

56.     Defendants admit that Paragraph 56 of the Third Amended Complaint purports to incorporate the Third Amended Complaint's foregoing paragraphs.

57.     Defendants deny the allegations contained in Paragraph 57 of the Third Amended Complaint and footnote 9 of the Third Amended Complaint, except it is admitted Defendants managed branch offices.

58.     Defendants deny the allegations contained in Paragraph 58 of the Third Amended Complaint.

59.     As to the allegations contained in Paragraph 59 of the Third Amended Complaint, Defendants admit that Supreme Lending attached to the Third Amended Complaint three (3)

"Producing Branch Manager Agreement[s]", but Defendants deny the allegations contained in Paragraph 59 of the Third Amended Complaint to the extent Supreme Lending is asserting that any of the Branch Managers breached or otherwise violated any of the "Producing Branch Manager Agreement[s]" and Defendants plead that such agreements and/or certain of their terms are unenforceable, inapplicable, and/or were superseded or otherwise rendered ineffective, in whole or in part, because of Supreme Lending's conduct and/or prior, contemporaneous, and/or later agreements.  Defendants further plead that the "Producing Branch Manager Agreement[s]" speak for themselves, and therefore deny each and every allegation contained in Paragraph 59 of the Third Amended Complaint that is inconsistent with or contrary to the terms of the "Producing Branch Manager Agreement[s]" or Supreme Lending's prior, contemporaneous, and/or later agreements with the Branch Managers and/or Supreme Lending's conduct in connection with those agreements. Defendants further deny any and all remaining allegations contained in Paragraph 59 of the Third Amended Complaint that are not expressly admitted in this Answer.

60.    Defendants deny the allegations contained in Paragraph 60 of the Third Amended Complaint.

61.    Defendants deny the allegations contained in Paragraph 61 of the Third Amended Complaint.

### COUNT TWO: BREACH OF CONTRACT—CONFIDENTIALITY AGREEMENTS
### (Against Jones, Durham, and Fortner)

62.    Defendants admit that Paragraph 62 of the Third Amended Complaint purports to incorporate the Third Amended Complaint's foregoing paragraphs.

63.     Defendants deny the allegations contained in Paragraph 63 of the Third Amended Complaint.

64.     Defendants deny the allegations contained in Paragraph 64 of the Third Amended Complaint.

65.     As to the allegations contained in Paragraph 65 of the Third Amended Complaint, Defendants admit that Supreme Lending attached to the Third Amended Complaint three (3) "Confidentiality, Inventions, and Non-Solicitation Agreement[s]", but Defendants deny the allegations contained in Paragraph 65 of the Third Amended Complaint to the extent Supreme Lending is asserting that any of the Branch Managers breached or otherwise violated any of the "Confidentiality, Inventions, and Non-Solicitation Agreement[s]" and Defendants plead that such agreements and/or certain of their terms are unenforceable, inapplicable, and/or were superseded or otherwise rendered ineffective, in whole or in part, because of Supreme Lending's conduct and/or prior, contemporaneous, and/or later agreements.  Defendants further plead that the "Confidentiality, Inventions, and Non-Solicitation Agreement[s]" speak for themselves, and therefore deny each and every allegation contained in Paragraph 65 of the Third Amended Complaint that is inconsistent with or contrary to the terms of the "Confidentiality, Inventions, and Non-Solicitation Agreement[s]" or Supreme Lending's prior, contemporaneous, and/or later agreements with the Branch Managers and/or Supreme Lending's conduct in connection with those agreements.  Defendants further deny any and all remaining allegations contained in Paragraph 65 of the Third Amended Complaint that are not expressly admitted in this Answer.

66.     Defendants deny the allegations contained in Paragraph 66 of the Third Amended Complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of the Third Amended Complaint.

## COUNT THREE: TORTIOUS INTERFERENCE WITH EXISTING CONTRACTS
### (Against All Defendants)

68.     Defendants admit that Paragraph 68 of the Third Amended Complaint purports to incorporate the Third Amended Complaint's foregoing paragraphs.

69.     Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 69 of the Third Amended Complaint; therefore, such allegations are denied.

70.     Defendants deny the allegations contained in Paragraph 70 of the Third Amended Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of the Third Amended Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of the Third Amended Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Third Amended Complaint.

## COUNT FOUR: TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS
### (Against All Defendants)

74.     Defendants admit that Paragraph 74 of the Third Amended Complaint purports to incorporate the Third Amended Complaint's foregoing paragraphs.

75.     Defendants deny the allegations contained in Paragraph 75 of the Third Amended Complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of the Third Amended Complaint.

77.     Defendants deny the allegations contained in Paragraph 77 of the Third Amended Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of the Third Amended Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of the Third Amended Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of the Third Amended Complaint.

81.     Defendants deny the allegations contained in Paragraph 81 of the Third Amended Complaint.

82.     Defendants deny the allegations contained in Paragraph 82 of the Third Amended Complaint.

**COUNT FIVE: BREACH OF FIDUCIARY DUTY**
**(Against Jones, Durham, and Fortner)**

83.     Defendants admit that Paragraph 83 of the Third Amended Complaint purports to incorporate the Third Amended Complaint's foregoing paragraphs.

84.     The allegations contained in Paragraph 84 of the Third Amended Complaint state legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Defendants deny all such allegations.

85.     Defendants deny the allegations contained in Paragraph 85 of the Third Amended Complaint.

86.     Defendants deny the allegations contained in Paragraph 86 of the Third Amended Complaint.

87.     Defendants deny the allegations contained in Paragraph 87 of the Third Amended Complaint.

## COUNT SIX: CONVERSION
### (Against All Defendants)

88.     Defendants admit that Paragraph 88 of the Third Amended Complaint purports to incorporate the Third Amended Complaint's foregoing paragraphs.

89.     The allegations contained in Paragraph 89 of the Third Amended Complaint state legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Defendants deny all such allegations.

90.     The allegations contained in Paragraph 90 of the Third Amended Complaint state legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Defendants deny all such allegations.

91.     As to the allegation contained in Paragraph 91 of the Third Amended Complaint that "Supreme Lending further had a possessory right to its office furniture and equipment[,]" such allegation states a legal conclusion to which no responsive pleading is required, but to the extent such allegation nonetheless requires a response, Defendants deny such allegation. As to the allegation contained in Paragraph 91 of the Third Amended Complaint that "Defendants wrongfully withheld" Supreme Lending's "office furniture and equipment[,]", Defendants deny such allegation.

92.     Defendants deny the allegations contained in Paragraph 92 of the Third Amended Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of the Third Amended Complaint.

94.     Defendants deny the allegations contained in Paragraph 94 of the Third Amended Complaint.

## COUNT SEVEN: MISAPPROPRIATION OF TRADE SECRETS
### (Against All Defendants)

95.     Defendants admit that Paragraph 95 of the Third Amended Complaint purports to incorporate the Third Amended Complaint's foregoing paragraphs.

96.     Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 96 of the Third Amended Complaint; therefore, such allegations are denied.

97.     Defendants deny the allegations contained in Paragraph 97 of the Third Amended Complaint.

98.     Defendants deny the allegations contained in Paragraph 98 of the Third Amended Complaint.

99.     As to the allegation contained in the first sentence of Paragraph 99 of the Third Amended Complaint, such allegation states a legal conclusion to which no responsive pleading is required, but to the extent such allegation nonetheless requires a response, Defendants deny that any purported trade secrets were disclosed to third parties.   Defendants are without knowledge or information sufficient to admit or deny the allegations contained in the third sentence of Paragraph 99 of the Third Amended Complaint; therefore such allegation is denied.

100.    Defendants deny the allegations contained in Paragraph 100 of the Third Amended Complaint.

101.    Defendants deny the allegations contained in Paragraph 101 of the Third Amended Complaint.

102.    Defendants deny the allegations contained in Paragraph 102 of the Third Amended Complaint.

## COUNT EIGHT: UNFAIR COMPETITION
### (Against All Defendants)

103.    Defendants admit that Paragraph 103 of the Third Amended Complaint purports to incorporate the Third Amended Complaint's foregoing paragraphs.

104.    As to the allegation contained in the first sentence of Paragraph 104 of the Third Amended Complaint, Defendants are without knowledge or information sufficient to form a belief about the truth or falsity of such allegation; therefore, such allegation is denied.  As to the allegations in the second, third and fourth sentences of Paragraph 104 of the Third Amended Complaint, Defendants deny all such allegations.  Defendants further deny any and all remaining allegations contained in Paragraph 104 of the Third Amended Complaint that are not expressly admitted in this Answer.

105.    Defendants admit that Supreme Lending filed this lawsuit seeking redress. However, Defendants deny the remaining allegations contained in Paragraph 105 of the Third Amended Complaint.

106.    Defendants admit that Supreme Lending filed this lawsuit seeking redress. However, Defendants deny the remaining allegations contained in Paragraph 106 of the Third Amended Complaint.

## COUNT NINE: BREACH OF CONTRACT—LEASE ASSIGNMENT
### (Against PRMI)

107.    Defendants admit that Paragraph 107 of the Third Amended Complaint purports to incorporate the Third Amended Complaint's foregoing paragraphs.

108.     Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 108 of the Third Amended Complaint; therefore such allegations are denied.

109.     Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 109 of the Third Amended Complaint; therefore such allegations are denied.

110.     Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 110 of the Third Amended Complaint; therefore such allegations are denied.

111.     Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 111 of the Third Amended Complaint.

## COUNT TEN: PROMISSORY ESTOPPEL
### (Against PRMI)

112.     Defendants admit that Paragraph 112 of the Third Amended Complaint purports to incorporate the Third Amended Complaint's foregoing paragraphs.

113.     Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 113 of the Third Amended Complaint; therefore such allegations are denied.

114.     Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 114 of the Third Amended Complaint; therefore such allegations are denied.

115.     Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 115 of the Third Amended Complaint; therefore such allegations are denied.

## COUNT ELEVEN: UNJUST ENRICHMENT
### (Against PRMI)

116.    Defendants admit that Paragraph 116 of the Third Amended Complaint purports to incorporate the Third Amended Complaint's foregoing paragraphs.

117.    Defendants deny the allegations contained in Paragraph 117 of the Third Amended Complaint.

118.    The allegations contained in Paragraph 118 of the Third Amended Complaint state legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, Defendants deny such allegations. Moreover, Defendants expressly deny that they breached any contract with Supreme Lending, breached any fiduciary duty owed to Supreme Lending and misappropriated any of Supreme Lending's trade secrets and/or confidential information and/or proprietary information.

## COUNT TWELVE: CONSPIRACY
### (Against All Defendants)

119.    Defendants admit that Paragraph 119 of the Third Amended Complaint purports to incorporate the Third Amended Complaint's foregoing paragraphs.

120.    Defendants deny the allegations contained in Paragraph 120 of the Third Amended Complaint.

121.    Defendants deny the allegations contained in Paragraph 121 of the Third Amended Complaint.

122.    Defendants deny the allegations contained in Paragraph 122 of the Third Amended Complaint.

## COUNT THIRTEEN—AIDING AND ABETTING
### (Against All Defendants)

123.    Defendants admit that Paragraph 123 of the Third Amended Complaint purports to incorporate the Third Amended Complaint's foregoing paragraphs.

124.    Defendants deny the allegations contained in Paragraph 124 of the Third Amended Complaint.

125.    Defendants deny the allegations contained in Paragraph 125 of the Third Amended Complaint.

126.    Defendants deny the allegations contained in Paragraph 126 of the Third Amended Complaint.

**COUNT FOURTEEN—EXEMPLARY DAMAGES**
**(Against All Defendants)**

127.    Defendants admit that Paragraph 127 of the Third Amended Complaint purports to incorporate the Third Amended Complaint's foregoing paragraphs.

128.    Defendants deny the allegations contained in Paragraph 128 of the Third Amended Complaint.

**REQUEST FOR ATTORNEYS' FEES**

129.    Defendants admit that Paragraph 129 of the Third Amended Complaint purports to incorporate the Third Amended Complaint's foregoing paragraphs.

130.    Defendants deny the allegations contained in Paragraph 130 of the Third Amended Complaint.

**JURY DEMAND**

131.    Defendants admit that Paragraph 131 of the Third Amended Complaint purports to incorporate the Third Amended Complaint's foregoing paragraphs.

132.    Defendants admit that Supreme Lending has requested a jury trial for this matter.

**PRAYER**

Defendants deny that Supreme Lending is entitled to any of the relief requested in the Third Amended Complaint.   Further, Defendants deny any and all remaining allegations

contained in the Third Amended Complaint that are not expressly admitted above.

## DEMAND FOR JURY TRIAL

Defendants request a jury trial on all claims and issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that it would not otherwise have, Defendants plead the following affirmative defenses and reserve the right to amend this Answer, or any amendment or supplement hereto, to include additional defenses as additional information becomes available.

## FIRST AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by its own mistakes and the doctrine of unclean hands.

## SECOND AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the doctrines of equitable estoppel, promissory estoppel, and/or quasi estoppel.

## THIRD AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the doctrine of ratification.

## SIXTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the doctrine of modification.

## SEVENTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the doctrine of release.

## EIGHTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the statute of frauds.

## NINTH AFFIRMATIVE DEFENSE

Defendants specifically deny that they wrongfully interfered with any of Supreme Lending's contracts or relationships. However, to the extent the Court or jury somehow concludes otherwise, any such interference was legally justified and/or privileged.

## TENTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by its own fraudulent conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by its own negligent and/or fraudulent misrepresentations.

## TWELFTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by its own failure to perform its obligations.

## THIRTEENTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by Supreme Lending's failure to mitigate its damages, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the doctrines of contributory negligence, comparative fault, and proportional responsibility.  Supreme Lending's own acts or omissions caused or contributed to Supreme Lending's injury, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent Defendants possessed any of Supreme Lending's property, if at all, Defendants did so at all times in good faith and with the legal right to such possession.

## SIXTEENTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, because Supreme Lending's claimed trade secrets and/or confidential and/or proprietary information, if any, were generally known in Supreme Lending's industry and were/are not secret.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, because Supreme Lending did not take reasonable efforts to maintain the secrecy of its claimed trade secrets and/or confidential and/or proprietary information, if any.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, because it expressly and/or impliedly consented and/or acquiesced to the disclosure and/or use of its claimed trade secrets and/or confidential and/or proprietary information, if any, and Supreme Lending waived any right to claim otherwise.

## NINETEENTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the doctrine of independent development.

## TWENTIETH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by its failure to enforce its rights, if any, as to its claimed trade secrets and/or confidential and/or proprietary information, its covenant not to compete agreements with its employees, and/or loans in process at Supreme Lending.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent any of the agreements at issue are enforceable, if at all, Supreme Lending's claims are barred, in whole or in part, because they are based on unenforceable covenant not to compete agreements. The purported agreements Supreme Lending relies on are, among other things, unreasonable, lack adequate consideration, are not ancillary to an otherwise enforceable agreement, are overbroad, are not sufficiently limited as to time, geographic area, and/or the scope of the activity to be restrained, and impose a greater restraint than is/was necessary to protect Supreme Lending's interest, if any.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent any of the agreements at issue are enforceable, Supreme Lending's claims are barred, in whole or in part, by the doctrine of anticipatory breach because of Supreme Lending's prior material breaches of the agreements at issue.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent any of the agreements at issue are enforceable, Supreme Lending's claims are barred, in whole or in part, by the doctrine of material breach, discharge and/or repudiation.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent any of the agreements at issue are enforceable, Supreme Lending's claims are barred, in whole or in part, by the doctrine of lack of consideration and/or failure of consideration.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent any of the agreements at issue are enforceable, Supreme Lending's claims are barred, in whole or in part, by the doctrine of novation.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the doctrine of assumption of the risk.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by its failure(s) to state a claim upon which relief may be granted.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the economic loss rule.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the defense of lawful competition.

## THIRTIETH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the doctrine of privilege or legal justification.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the doctrine of merger.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, because their damages, if any, are the result of intervening and/or superseding causes.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the mirror-image doctrine.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the doctrine of excuse.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by consent and acquiescence.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the doctrine of preemption.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the doctrine of duress.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Supreme Lending's claim for punitive damages is limited by Section 41.008(b) of the Texas Civil Practices and Remedies Code.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Supreme Lending's claims for punitive damages are barred, in whole or part, because the imposition of punitive or exemplary damages violates Defendants' rights to procedural due process under the Fifth Amendment to the United States Constitution and under the Constitution of the State of Texas.

## FORTIETH AFFIRMATIVE DEFENSE

Supreme Lending's claims for punitive or exemplary damages are barred, in whole or part, because the imposition punitive or exemplary damages violates Defendants' rights to protection from excessive fines as prohibited by the Eighth Amendment to the Constitution of the United States and Article I, Section 13 of the Constitution of the State of Texas.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Supreme Lending's claims for punitive or exemplary damages are barred, in whole or part, because the imposition of punitive or exemplary damages upon proof of a standard less than a standard of beyond a reasonable doubt or denial of Defendants' rights to a unanimous jury verdict thereon violates PRMI's rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of Texas.

## PRAYER FOR RELIEF

Defendants pray that the Court, upon a final hearing of this matter, deny and dismiss with prejudice all claims set forth in the Third Amended Complaint, and any amendment or supplement thereto. Counter–Plaintiffs pray that the Court enter judgment in its favor and against Supreme Lending and Everett on all counts raised in their Counterclaims awarding Branch Managers the following relief:

(i)     actual, compensatory, consequential, special, incidental, and exemplary damages;

(ii)    a declaratory judgment that (i) any non-solicitation provisions contained in agreements executed by the Branch Managers do not apply to persons who worked in the Branch Managers' region/division of branches at Supreme Lending, or were their corporate underwriters, (ii) as to Supreme Lending employees who worked in the Branch Managers' divisions and offices, or were their corporate underwriters, any non-solicitation provisions contained in agreements executed by the Branch Managers are unenforceable, inapplicable, and/or were superseded or otherwise rendered ineffective by Supreme Lending's conduct and/or later agreements (iii) the Branch Managers did not violate any agreements with Supreme Lending or applicable law by soliciting Supreme Lending employees to work for PRMI, to the extent they did so if at all, (iv) the Branch Managers' client

and potential customer lists are not confidential or proprietary information of Supreme Lending, including the information they saved into Media Center while at Supreme Lending.

(iii)    reasonable attorneys' fees and costs of court;

(iv)    prejudgment and post judgment at the maximum rate permitted by applicable law;

(v)    such other and further relief, whether at law or equity, general or specific, to which the Branch Managers may otherwise be justly entitled.


                          Respectfully submitted,


                          s/ Robert Blackwell
                          Robert Blackwell
                          Texas Bar No. 24001744
                          BLACKWELL, BLACKBURN
                            & STEPHENSON, LLP
                          7557 Rambler Road, Suite 1400
                          Dallas, TX 75231
                          Telephone:  (214) 442-9602
                          Facsimile:  (214) 442-9621
                          Email:  bblackwell@bbsllp.com
                          ATTORNEY FOR
                          DEFENDANTS/COUNTER–PLAINTIFFS
                          BARRY G. JONES, JAMES DURHAM, AND
                          SHANNON FORTNER

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2015, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic filing system of the court.  The electronic filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept the Notice of Electronic Filing as service of this document by electronic means:

Mikel J. Bowers                          Richard S. Krumholz
Kristopher D. Hill                       Matt Durfee
Bell Nunnally & Martin LLP               NORTON ROSE FULBRIGHT US LLP
1400 One McKinney Plaza                  2200 Ross Avenue, Suite 3600
3232 McKinney Ave.                       Dallas, TX  75201-2784
Dallas, TX 75204-2429


                          s/ Robert Blackwell
                          Robert Blackwell