# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| EVERETT FINANCIAL, INC. d/b/a SUPREME LENDING, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. 3:14-cv-01028-D |
| PRIMARY RESIDENTIAL MORTGAGE, INC.; BARRY G. JONES, individually; JAMES DURHAM, individually; and SHANNON FORTNER, individually, | § § § § § | |
| Defendants. | § § § | |
| BARRY G. JONES, individually; JAMES DURHAM, individually; and SHANNON FORTNER, individually, | § § § § § | |
| Counter–Plaintiffs | § § | |
| v. | § § § | |
| EVERETT FINANCIAL, INC. d/b/a SUPREME LENDING and SCOTT EVERETT, individually, | § § § § § | |
| Counterclaim Defendants. | § § | |

## DEFENDANT PRIMARY RESIDENTIAL MORTGAGE, INC.'S ORIGINAL ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant Primary Residential Mortgage, Inc. ("PRMI") files this Original Answer (the "Answer") to the Third Amended Complaint [Dkt. No. 52] (the "Amended Complaint") filed by Plaintiff Everett Financial, Inc. d/b/a Supreme Lending ("Supreme Lending") and, in support, respectfully shows the Court as follows:

### PRMI'S ANSWER

Subject to the affirmative and other defenses asserted herein, and reserving the right to

assert additional defenses and/or amend its Answer as additional facts are discovered during this lawsuit, PRMI pleads as follows to the allegations contained in the Amended Complaint:

## PRELIMINARY STATEMENT

As to the allegations contained in the first sentence of the Amended Complaint's Preliminary Statement, PRMI admits that Supreme Lending is a "mortgage banker and broker with branches throughout the country." As to the allegations contained in the second sentence of the Amended Complaint's Preliminary Statement, PRMI is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations; therefore, such allegations are denied. As to the allegations contained in the third sentence of the Amended Complaint's Preliminary Statement, PRMI admits that it is a competitor of Supreme Lending; however, PRMI denies the remaining allegations contained in the third sentence of the Amended Complaint's Preliminary Statement, including each of the bullet point allegations listed thereafter that Supreme Lending asserts were part of some sort of alleged "plot" and "raid," which PRMI also denies. PRMI denies the allegations contained in the fourth sentence of the Amended Complaint's Preliminary Statement; PRMI denies it engaged in any wrongful conduct. As for the allegations contained in the fifth sentence of the Amended Complaint's Preliminary Statement, PRMI admits that Supreme Lending filed this lawsuit seeking redress; however, PRMI denies the remaining allegations contained in the fifth sentence of the Amended Complaint's Preliminary Statement; again, PRMI denies it engaged in any wrongful conduct. PRMI further denies any and all remaining allegations contained in the Amended Complaint's Preliminary Statement that are not expressly admitted in this Answer.

## PARTIES

1.     PRMI admits the allegations contained in Paragraph 1 of the Amended

Complaint.

2.      PRMI admits the allegations contained in Paragraph 2 of the Amended

Complaint.

3.      PRMI admits the allegations contained in Paragraph 3 of the Amended

Complaint.

4.      PRMI admits the allegations contained in Paragraph 4 of the Amended

Complaint, except PRMI believes that 36804 is the zip code for Durham's domicile address.

5.      PRMI admits the allegations contained in Paragraph 5 of the Amended

Complaint.

## JURISDICTION AND VENUE

6.      PRMI admits the allegations contained in Paragraph 6 of the Amended

Complaint.

7.      The allegations contained in Paragraph 7 of the Amended Complaint state legal

conclusions to which no responsive pleading is required, but to the extent such allegations

nonetheless require a response, PRMI denies all such allegations.  Pleading further, PRMI

admits that the three (3) "Confidentiality, Inventions and Non-Solicitation Agreement[s]" that

are attached to the Amended Complaint contain a "Governing Law and Venue" clause;

however, PRMI pleads that such contracts and/or certain of their terms are unenforceable,

inapplicable, and/or were superseded or otherwise rendered ineffective, in whole or in part,

because of Supreme Lending's conduct and/or prior, contemporaneous, and/or later

agreements.  PRMI further pleads that the contracts referenced in Paragraph 7 of the Amended

Complaint speak for themselves, and PRMI denies each and every allegation contained in

Paragraph 7 of the Amended Complaint that is inconsistent with or contrary to the terms of

such contracts or Supreme Lending's prior, contemporaneous, and/or later agreements with the Branch Managers and/or Supreme Lending's conduct in connection with those agreements and/or contracts. PRMI further denies any and all remaining allegations contained in Paragraph 7 of the Amended Complaint that are not expressly admitted in this Answer.

8.      As to the allegations contained in the first sentence of Paragraph 8 of the Amended Complaint that "[t]his Court has personal jurisdiction over Jones because he conducts business in the State of Texas[,]" such allegations state legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, PRMI is without sufficient knowledge or information to form a belief about the truth or falsity of whether Jones' contacts with the State of Texas are sufficient to establish personal jurisdiction; therefore, PRMI denies such allegations. As to the allegations contained in the second sentence of Paragraph 8 of the Amended Complaint, PRMI pleads that the two (2) contracts, and/or certain of their terms, between Supreme Lending and Jones that are attached to the Amended Complaint are unenforceable, inapplicable, and/or have been superseded or otherwise rendered ineffective, in whole or in part, because of Supreme Lending's conduct and/or prior, contemporaneous, and/or later agreements. With that said, as to the allegations contained in the third sentence of Paragraph 8 of the Amended Complaint, PRMI admits that the "Confidentiality, Inventions, and Non-Solicitation Agreement" between Supreme Lending and Jones that is attached to the Amended Complaint contains a "Governing Law and Venue" clause. PRMI further pleads that the contracts referenced in Paragraph 8 of the Amended Complaint speak for themselves, and PRMI denies each and every allegation contained in Paragraph 8 of the Amended Complaint that is inconsistent with or contrary to the terms of such contracts or Supreme Lending's prior, contemporaneous, and/or later agreements with the

Branch Managers and/or Supreme Lending's conduct in connection with those agreements and/or contracts.  PRMI further denies any and all remaining allegations contained in Paragraph 8 of the Amended Complaint that are not expressly admitted in this Answer.

9.      As to the allegations contained in the first sentence of Paragraph 9 of the Amended Complaint that "[t]his Court has personal jurisdiction over Durham because he conducts business in the State of Texas[,]" such allegations state legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, PRMI is without sufficient knowledge or information to form a belief about the truth or falsity of whether Durham's contacts with the State of Texas are sufficient to establish personal jurisdiction; therefore, PRMI denies such allegations.  As to the allegations contained in the second sentence of Paragraph 9 of the Amended Complaint, PRMI pleads that the two (2) contracts, and/or certain of their terms, between Supreme Lending and Durham that are attached to the Amended Complaint are unenforceable, inapplicable, and/or have been superseded or otherwise rendered ineffective, in whole or in part, because of Supreme Lending's conduct and/or prior, contemporaneous, and/or later agreements.  With that said, as to the allegations contained in the third sentence of Paragraph  9 of the Amended Complaint, PRMI admits that the "Confidentiality, Inventions, and Non-Solicitation Agreement" between Supreme Lending and Durham that is attached to the Amended Complaint contains a "Governing Law and Venue" clause.  PRMI further pleads that the contracts referenced in Paragraph 9 of the Amended Complaint speak for themselves, and PRMI denies each and every allegation contained in Paragraph 9 of the Amended Complaint that is inconsistent with or contrary to the terms of such contracts or Supreme Lending's prior, contemporaneous, and/or later agreements with the Branch Managers and/or Supreme Lending's conduct in connection with those agreements

and/or contracts.  PRMI further denies any and all remaining allegations contained in Paragraph 9 of the Amended Complaint that are not expressly admitted in this Answer.

10.     As to the allegations contained in the first sentence of Paragraph 10 of the Amended Complaint that "[t]his Court has personal jurisdiction over Fortner because he conducts business in the State of Texas[,]" such allegations state legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, PRMI is without sufficient knowledge or information to form a belief about the truth or falsity of whether Fortner's contacts with the State of Texas are sufficient to establish personal jurisdiction; therefore, PRMI denies such allegations.  As to the allegations contained in the second sentence of Paragraph 10 of the Amended Complaint, PRMI pleads that the two (2) contracts, and/or certain of their terms, between Supreme Lending and Fortner that are attached to the Amended Complaint are unenforceable, inapplicable, and/or have been superseded or otherwise rendered ineffective, in whole or in part, because of Supreme Lending's conduct and/or prior, contemporaneous, and/or later agreements.  With that said, as to the allegations contained in the third sentence of Paragraph 10 of the Amended Complaint, PRMI admits that the "Confidentiality, Inventions, and Non-Solicitation Agreement" between Supreme Lending and Fortner that is attached to the Amended Complaint contains a "Governing Law and Venue" clause.  PRMI further pleads that the contracts referenced in Paragraph 10 of the Amended Complaint speak for themselves, and PRMI denies each and every allegation contained in Paragraph 10 of the Amended Complaint that is inconsistent with or contrary to the terms of such contracts or Supreme Lending's prior, contemporaneous, and/or later agreements with the Branch Managers and/or Supreme Lending's conduct in connection with those agreements and/or contracts.  PRMI further denies any and all remaining allegations contained in Paragraph

10 of the Amended Complaint that are not expressly admitted in this Answer.

11.    PRMI admits the allegations contained in Paragraph 11 of the Amended Complaint.

## FACTUAL BACKGROUND

12.    PRMI is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 12 of the Amended Complaint; therefore, such allegations are denied.

13.    PRMI is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in the first sentence, second sentence, third sentence, and fourth sentence of Paragraph 13 of the Amended Complaint; therefore, such allegations are denied.  As to the allegations contained in the fifth sentence of Paragraph 13 of the Amended Complaint, PRMI denies that Supreme Lending protects its employee relationships through the agreements referenced in Paragraph 13 of the Amended Complaint.  That said, PRMI admits that Supreme Lending attached to the Amended Complaint three (3) "Producing Branch Manager Agreement[s]" and three (3) "Confidentiality, Inventions and Non-Solicitation Agreement(s)" that appear to each contain the signature of one (1) of the Branch Managers, but PRMI denies the allegations contained in Paragraph 13 of the Amended Complaint to the extent Supreme Lending is asserting that any of the Branch Managers breached or otherwise violated any of those contracts; PRMI pleads that such agreements and/or certain of their terms are unenforceable, inapplicable, and/or were superseded or otherwise rendered ineffective, in whole or in part, because of Supreme Lending's conduct and/or prior, contemporaneous, and/or later agreements.  PRMI further pleads that those contracts speak for themselves, and therefore denies each and every allegation contained in Paragraph 13 of the Amended Complaint that is

inconsistent with or contrary to the terms of those contracts or Supreme Lending's prior, contemporaneous, and/or later agreements with the Branch Managers and/or Supreme Lending's conduct in connection with those agreements and/or contracts. PRMI further denies any and all remaining allegations contained in Paragraph 13 of the Amended Complaint that are not expressly admitted in this Answer.

14.     PRMI is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 14 of the Amended Complaint; therefore, such allegations are denied.

15.     PRMI is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 15 of the Amended Complaint; therefore, such allegations are denied.

16.     As to the allegations contained in Paragraph 16 of the Amended Complaint, PRMI admits that Supreme Lending attached to the Amended Complaint three (3) "Producing Branch Manager Agreement[s]" and three (3) "Confidentiality, Inventions and Non-Solicitation Agreement(s)" that appear to each contain the signature of one (1) of the Branch Managers, but PRMI denies the allegations contained in Paragraph 16 of the Amended Complaint to the extent Supreme Lending is asserting that any of the Branch Managers breached or otherwise violated any of those contracts; PRMI pleads that such agreements and/or certain of their terms are unenforceable, inapplicable, and/or were superseded or otherwise rendered ineffective, in whole or in part, because of Supreme Lending's conduct and/or prior, contemporaneous, and/or later agreements. PRMI further pleads that those contracts speak for themselves, and therefore denies each and every allegation contained in Paragraph 16 of the Amended Complaint that is inconsistent with or contrary to the terms of those contracts or Supreme Lending's prior,

contemporaneous, and/or later agreements with the Branch Managers and/or Supreme Lending's conduct in connection with those agreements and/or contracts.  PRMI further denies any and all remaining allegations contained in Paragraph 16 of the Amended Complaint that are not expressly admitted in this Answer.

17.     PRMI is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 17 of the Amended Complaint that Jones signed the agreement referenced on the date indicated and/or the allegations contained in footnote 2 of the Amended Complaint; therefore, such allegations are denied.  PRMI further denies the allegations contained in Paragraph 17 of the Amended Complaint that "pursuant to [the Jones BM Agreement] he agreed to serve as a producing branch manager for Supreme Lending subject to the terms and conditions of the Jones BM Agreement" because PRMI pleads that the Jones BM Agreement and/or certain of its terms are unenforceable, inapplicable, and/or were superseded or otherwise rendered ineffective, in whole or in part, because of Supreme Lending's conduct and/or prior, contemporaneous, and/or later agreements.  With that said, PRMI admits that the "Producing Branch Manager Agreement" between Supreme Lending and Jones that is attached to the Amended Complaint appears to contain Jones' signature.  PRMI further pleads that the Jones BM Agreement speaks for itself, and PRMI denies each and every allegation contained in Paragraph 17 of the Amended Complaint that is inconsistent with or contrary to the terms of the Jones BM Agreement or Supreme Lending's prior, contemporaneous, and/or later agreements with the Branch Managers and/or Supreme Lending's conduct in connection with those agreements and/or contracts.  PRMI further denies any and all remaining allegations contained in Paragraph 17 of the Amended Complaint that are not expressly admitted in this Answer.

18.     PRMI is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 18 of the Amended Complaint that Durham signed the agreement referenced on the date indicated and/or the allegations contained in footnote 3 of the Amended Complaint; therefore, such allegations are denied.  PRMI further denies the allegations contained in Paragraph 18 of the Amended Complaint that "pursuant to [the Durham BM Agreement] he agreed to serve as a producing branch manager for Supreme Lending subject to the terms and conditions of the [Durham] BM Agreement" because PRMI pleads that the Durham BM Agreement and/or certain of its terms are unenforceable, inapplicable, and/or were superseded or otherwise rendered ineffective, in whole or in part, because of Supreme Lending's conduct and/or prior, contemporaneous, and/or later agreements. With that said, PRMI admits that the "Producing Branch Manager Agreement" between Supreme Lending and Durham that is attached to the Amended Complaint appears to contain Durham's signature.  PRMI further pleads that the Durham BM Agreement speaks for itself, and PRMI denies each and every allegation contained in Paragraph 18 of the Amended Complaint that is inconsistent with or contrary to the terms of the Durham BM Agreement or Supreme Lending's prior, contemporaneous, and/or later agreements with the Branch Managers and/or Supreme Lending's conduct in connection with those agreements and/or contracts.   PRMI further denies any and all remaining allegations contained in Paragraph 18 of the Amended Complaint that are not expressly admitted in this Answer.

19.     PRMI is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 19 of the Amended Complaint that Fortner signed the agreement referenced on the date indicated and/or the allegations contained in footnote 4 of the Amended Complaint; therefore, such allegations are denied.  PRMI further

denies the allegations contained in Paragraph 19 of the Amended Complaint that "pursuant to [the Fortner BM Agreement] he agreed to serve as a producing branch manager for Supreme Lending subject to the terms and conditions of the [Fortner] BM Agreement" because PRMI pleads that the Fortner BM Agreement and/or certain of its terms are unenforceable, inapplicable, and/or were superseded or otherwise rendered ineffective, in whole or in part, because of Supreme Lending's conduct and/or prior, contemporaneous, and/or later agreements. With that said, PRMI admits that the "Producing Branch Manager Agreement" between Supreme Lending and Fortner that is attached to the Amended Complaint appears to contain Fortner's signature.  PRMI further pleads that the Fortner BM Agreement speaks for itself, and PRMI denies each and every allegation contained in Paragraph 19 of the Amended Complaint that is inconsistent with or contrary to the terms of the Fortner BM Agreement or Supreme Lending's prior, contemporaneous, and/or later agreements with the Branch Managers and/or Supreme Lending's conduct in connection with those agreements and/or contracts.   PRMI further denies any and all remaining allegations contained in Paragraph 19 of the Amended Complaint that are not expressly admitted in this Answer.

20.     As to the allegations contained in the first sentence of Paragraph 20 the Amended Complaint and footnote 5 of the Amended Complaint (which is referenced in Paragraph 20 of the Amended Complaint), PRMI is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations; therefore, such allegations are denied.  As to the allegations contained in the second sentence of Paragraph 20 of the Amended Complaint that "[t]he Jones BM Agreement, Durham BM Agreement, and Fortner BM Agreement (collectively, the 'Branch Manager Agreements') are enforceable contracts[,]" such allegations state legal conclusions to which no responsive pleading is required, but to the extent such allegations

nonetheless require a response, PRMI denies the allegations; PRMI pleads that the Branch Manager Agreements and/or certain of their terms are unenforceable, inapplicable, and/or were superseded or otherwise rendered ineffective, in whole or in part, because of Supreme Lending's conduct and/or prior, contemporaneous, and/or later agreements.  With that said, PRMI admits that Paragraph 20 of the Amended Complaint accurately quotes language from the "Producing Branch Manager Agreement[s]" that are attached to the Amended Complaint.  As to the allegations contained in the third sentence of Paragraph 20 that "[s]imilar provisions appeared in Branch Manager Agreements signed by the Branch Managers in 2013[,]" PRMI pleads that each of those agreements speaks for itself, and PRMI denies each and every allegation contained in Paragraph 20 of the Amended Complaint that is inconsistent with or contrary to the terms of those agreements or Supreme Lending's prior, contemporaneous, and/or later agreements with the Branch Managers and/or Supreme Lending's conduct in connection with those agreements. PRMI further pleads that those agreements and/or certain of their terms are unenforceable, inapplicable, and/or were superseded or otherwise rendered ineffective, in whole or in part, because of Supreme Lending's conduct and/or prior, contemporaneous, and/or later agreements. As for the allegations contained in the fourth sentence of Paragraph 20 of the Amended Complaint that "[o]ther Supreme Lending employees, including those that worked under the Branch Managers in the southeast region, entered agreements with Supreme Lending containing similar provisions[,]" PRMI is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations; therefore, such allegations are denied.  PRMI further pleads that, to the extent any such agreements exist, each of the agreements speaks for itself, and PRMI denies each and every allegation contained in Paragraph 20 of the Amended Complaint that is inconsistent with or contrary to the terms of those agreements or Supreme Lending's

prior, contemporaneous, and/or later agreements with those employees, the Branch Managers, and/or Supreme Lending's conduct in connection with those agreements.  PRMI further pleads that, to the extent "[o]ther Supreme Lending employees . . . entered agreements with Supreme Lending containing similar provisions," such agreements have been rendered unenforceable, ineffective, and/or have been superseded, in whole or in part, by Supreme Lending's conduct and/or prior, contemporaneous, and/or later agreements.  PRMI denies any and all remaining allegations contained in Paragraph 20 of the Amended Complaint that are not expressly admitted in this Answer.

21.     As to the allegation contained in Paragraph 21 of the Amended Complaint that "the Branch Managers also entered Confidentiality, Inventions, and Non-Solicitation Agreements with Supreme Lending[,]" PRMI admits that Supreme Lending attached to the Amended Complaint three (3) "Confidentiality, Inventions, and Non-Solicitation Agreement[s]" that each appear to contain the signature of one (1) of the Branch Managers, but PRMI denies the allegations in Paragraph 21 of the Amended Complaint to the extent Supreme Lending is asserting that any of the Branch Managers breached or otherwise violated any of the "Confidentiality, Inventions, and Non-Solicitation Agreement[s]"; PRMI pleads that such agreements and/or certain of their terms are unenforceable, inapplicable, and/or were superseded or otherwise rendered ineffective, in whole or in part, because of Supreme Lending's conduct and/or prior, contemporaneous, and/or later agreements.  Moreover, PRMI is without knowledge or information sufficient to form a belief about the truth or falsity of the allegation contained in Paragraph 21 of the Amended Complaint that the "Confidentiality, Inventions, and Non-Solicitation Agreement[s]" were a "prerequisite to [the Branch Managers'] employment with Supreme Lending"; therefore, such allegation is denied.  PRMI further pleads that the

"Confidentiality, Inventions, and Non-Solicitation Agreement[s]" speak for themselves, and PRMI denies each and every allegation contained in Paragraph 21 of the Amended Complaint that is inconsistent with or contrary to the terms of the "Confidentiality, Inventions, and Non-Solicitation Agreement[s]" or Supreme Lending's prior, contemporaneous, and/or later agreements with the Branch Managers and/or Supreme Lending's conduct in connection with those agreements and/or contracts. PRMI further denies any and all remaining allegations contained in Paragraph 21 of the Amended Complaint that are not expressly admitted in this Answer.

22.    PRMI is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 22 of the Amended Complaint and/or footnotes 6, 7,  and 8 of the Amended Complaint (all of which are referenced in Paragraph 22 of the Amended Complaint); therefore, such allegations are denied.

23.    The allegations contained in Paragraph 23 of the Amended Complaint that "[t]he Jones Confidentiality Agreement, Durham Confidentiality Agreement, and Fortner Confidentiality Agreement (collectively, the 'Confidentiality Agreements') are valid, enforceable contracts" state legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, PRMI denies such allegations; PRMI pleads that the Confidentiality Agreements and/or certain of their terms are unenforceable, inapplicable, and/or were superseded or otherwise rendered ineffective, in whole or in part, because of Supreme Lending's conduct and/or prior, contemporaneous, and/or later agreements. With that said, PRMI admits that Paragraph 23 of the Amended Complaint accurately quotes language from the "Confidentiality, Inventions and Non-Solicitation Agreement[s]" that are attached to the Amended Complaint; however, PRMI further pleads that the "Confidentiality, Inventions and

Non-Solicitation Agreement" between Supreme Lending and Fortner that is attached to the

Amended Complaint has the following quoted language crossed out with Fortner's initials beside

the stricken language:

> **(a)     Associations with Co-Workers.** Employee agrees that during his or her employment and for two (2) years following the termination of his or her employment for any reason, neither he or she nor his or her affiliates will . . . employ or solicit or attempt to employ or solicit for any employment any of Employer's current employees. Employee and his or her affiliates will not, either directly or indirectly or by acting in concert with others, seek to induce or influence any employee to leave Employer's employment.

> **(b)     Solicitation of Customers.** Employee agrees that during his or her retention and for two (2) years following the termination of his or her employment for any reason, neither he, she nor his or her affiliates will, by himself or herself or by acting in concert with others, solicit any of Employer's customers or prospective customers existing as of the date of termination that Employee directly serviced, was assigned to, or was responsible for during the twelve (12) month period immediately preceding termination of Employee's employment with Employer. Employee further agrees not to take any other action to divert business from Employer or influence any vendor, supplier, customer or potential customer of Employer to cease doing business with Employer.

As to the allegations contained in the final sentence of Paragraph 23 of the Amended Complaint

that "[e]mployees working under the Branch Managers in the southeast region had agreements

with Supreme Lending containing similar provisions[,]" PRMI is without knowledge or

information sufficient to form a belief about the truth or falsity of the allegations; therefore, such

allegations are denied. PRMI further pleads that, to the extent "[e]mployees working under the

Branch Managers in the southeast region had agreements with Supreme Lending containing

similar provisions[,]" such agreements have been rendered unenforceable, ineffective, and/or

have been superseded, in whole or in part, by Supreme Lending's conduct and/or prior,

contemporaneous, and/or later agreements.   Moreover, to the extent those employees "had

agreements with Supreme Lending[,]" PRMI further pleads that the agreements speak for

themselves, and PRMI denies each and every allegation contained in Paragraph 23 of the

Amended Complaint that is inconsistent with or contrary to the terms of those agreements or Supreme Lending's prior, contemporaneous, and/or later agreements with those employees, the Branch Managers, and/or Supreme Lending's conduct in connection with those agreements. PRMI further denies any and all remaining allegations contained in Paragraph 23 of the Amended Complaint that are not expressly admitted in this Answer.

24.     As to the allegations contained in the first sentence of Paragraph 24 of the Amended Complaint, PRMI admits that Fortner "crossed out the non-solicitation covenants" in his Confidentiality, Inventions and Non-Solicitation Agreement and that Fortner has testified to that fact and made that claim in the lawsuit.  As to the allegations contained in the second sentence of Paragraph 24 of the Amended Complaint, PRMI admits that Fortner worked at Supreme Lending after he crossed out the non-solicitation covenants in his Confidentiality, Inventions and Non-Solicitation Agreement.  However, PRMI denies that Supreme Lending did not consent to Fortner's modification of his Confidentiality, Inventions and Non-Solicitation Agreement.  PRMI further pleads that Fortner's Confidentiality, Inventions and Non-Solicitation Agreement and other agreements and contracts with Supreme Lending and/or certain of their terms are unenforceable, inapplicable, and/or were superseded or otherwise rendered ineffective, in whole or in part, because of Supreme Lending's conduct and/or prior, contemporaneous, and/or later agreements.  PRMI denies any and all remaining allegations contained in Paragraph 24 of the Amended Complaint that are not expressly admitted in this Answer.

25.     PRMI is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 25 of the Amended Complaint; therefore, such allegations are denied.

26.     PRMI denies the allegations contained in Paragraph 26 of the Amended

Complaint.

27.     PRMI denies the allegations contained in Paragraph 27 of the Amended Complaint, except it is admitted that PRMI's Director of Business Development & Implementation, Charles D. Edington, and the Branch Managers executed a Non-Disclosure Agreement.

28.     PRMI admits that the quoted language contained in Paragraph 28 of the Amended Complaint is a portion of, and taken out of context from, an email from Charles Edington to Barry Jones.  PRMI denies that it has ever requested and/or received Supreme Lending's confidential and/or proprietary information.  PRMI further denies any and all remaining allegations contained in Paragraph 28 of the Amended Complaint that are not expressly admitted in this Answer.

29.     PRMI admits the allegations contained in Paragraph 29 of the Amended Complaint.

30.     As to the allegations contained in the first sentence of Paragraph 30 of the Amended Complaint, PRMI admits that it had multiple written communications with the Branch Managers through their personal email accounts, as is standard and common in the independent mortgage industry and most other industries when communicating with a potential employee (and is a practice that Supreme Lending also uses, including when it recruited the Branch Managers to Supreme Lending).  As for the allegations contained in the second sentence and third sentence of Paragraph 30 of the Amended Complaint, PRMI admits that it sent an email to Barry Jones' Supreme Lending email account which it did not intend to send to that account, to which Barry Jones responded: "No big deal."  PRMI denies any and all remaining allegations contained in Paragraph 30 of the Amended Complaint that are not expressly admitted in this

Answer.

31.     PRMI denies the allegations contained in the first sentence, third sentence, and fourth sentence of Paragraph 31 of the Amended Complaint.   PRMI further denies the allegations contained in the second sentence of Paragraph 31 of the Amended Complaint, except that it is admitted that Ted Bryant visited PRMI headquarters.   PRMI further denies any and all remaining allegations contained in Paragraph 31 of the Amended Complaint that are not expressly admitted in this Answer.

32.     PRMI denies the allegations contained in Paragraph 32 of the Amended Complaint.

33.     PRMI denies the allegations contained in Paragraph 33 of the Amended Complaint.

34.     As to the allegations contained in the first sentence of Paragraph 34 of the Amended Complaint, PRMI admits that, during a recorded telephone call on January 31, 2014, the Branch Managers informed Supreme Lending's President, Scott Everett, that they were resigning from Supreme Lending to pursue employment at PRMI and that the Branch Managers' employees would be going with them.   However, PRMI denies that the resignations occurred "without notice[.]"   As for the allegations contained in the second sentence of Paragraph 34 of the Amended Complaint, PRMI is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations; therefore, such allegations are denied.   PRMI further denies any and all remaining allegations contained in Paragraph 34 of the Amended Complaint that are not expressly admitted in this Answer.

35.     PRMI is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 35 of the Amended Complaint;

therefore, such allegations are denied.

36.     PRMI denies the allegations contained in the first sentence, second sentence, third sentence, fourth sentence, and sixth sentence of Paragraph 36 of the Amended Complaint, including, without limitation, each of the bullet point allegations listed after the fourth sentence in Paragraph 36 of the Amended Complaint.  As to the allegations contained in the fifth sentence of Paragraph 36 of the Amended Complaint, PRMI is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations; therefore, such allegations are denied.  PRMI further denies any and all remaining allegations contained in Paragraph 36 of the Amended Complaint that are not expressly admitted in this Answer.

37.     PRMI denies the allegations contained in Paragraph 37 of the Amended Complaint.

38.     PRMI denies the allegations contained in Paragraph 38 of the Amended Complaint.

39.     PRMI denies the allegations contained in the first sentence of Paragraph 39 of the Amended Complaint.  As to the allegations contained in the second sentence of Paragraph 39 of the Amended Complaint, PRMI is without knowledge or information sufficient to form a belief about the truth or falsity of such allegations; therefore, such allegations are denied.

40.     PRMI denies the allegations contained in Paragraph 40 of the Amended Complaint.

41.     PRMI denies the allegations contained in Paragraph 41 of the Amended Complaint.

42.     PRMI denies the allegations contained in Paragraph 42 of the Amended Complaint.

43.     As to the allegations contained in the first, second, and fourth sentences of Paragraph 43 of the Amended Complaint, PRMI is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations; therefore, such allegations are denied.  As to the allegations contained in the third sentence of Paragraph 43 of the Amended Complaint, PRMI admits that marketing service agreements are contracts that are generally between real estate professionals and preferred lenders and that they sometimes create a mutually beneficial relationship.  PRMI denies any and all remaining allegations contained in Paragraph 43 of the Amended Complaint that are not expressly admitted in this Answer.

44.     PRMI denies the allegations contained in Paragraph 44 of the Amended Complaint.

45.     PRMI is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 45 of the Amended Complaint; therefore, such allegations are denied.

46.     PRMI denies the allegations contained in Paragraph 46 of the Amended Complaint.

47.     PRMI denies the allegations contained in Paragraph 47 of the Amended Complaint, except it is admitted that PRMI and Supreme Lending negotiated and executed an Assignment and Assumption of Interest in Commercial Lease relating to leases that Supreme Lending had entered into in (i) Huntsville, Alabama, (ii) Auburn, Alabama, (iii) Madison, Alabama, (iv) Montgomery, Alabama, (v) Vestavia Hills, Alabama, (vi) Guntersville, Alabama, (vii) Enterprise, Alabama, (viii) Dothan, Alabama, (ix) Florence, Alabama, (x) Millbrook, Alabama, (xi) Alexander City, Alabama, (xii) Hinesville, Georgia, and (xiii) Memphis, Tennessee.

48.     PRMI denies the allegations contained in Paragraph 48 of the Amended Complaint, except it is admitted that Supreme Lending's Auburn, Alabama lease (the "<u>Auburn Lease</u>") contains a clause that prohibits the Auburn Lease from being assigned without the written consent of the property owner, the property owner demanded that PRMI provide its highly confidential financial statements, and the property owner never consented to assigning the Auburn Lease to PRMI, but instead requested that PRMI execute an extension of the Auburn Lease.

49.     PRMI denies the allegations contained in Paragraph 49 of the Amended Complaint, except it is admitted that, prior to contacting PRMI in October 2013, Jones negotiated a separate lease in Auburn, Alabama on Supreme Lending's behalf.  PRMI further pleads that the property owner for the Auburn Lease demanded that PRMI provide its highly confidential financial statements, and the property owner never consented to assigning the Auburn Lease to PRMI, but instead requested that PRMI execute an extension of the Auburn Lease.

50.     PRMI denies the allegations contained in Paragraph 50 of the Amended Complaint.

51.     PRMI denies the allegations contained in Paragraph 51 of the Amended Complaint, except it is admitted that PRMI agreed to, and did in fact, return to Supreme Lending in a reasonable amount of time all of Supreme Lending's office equipment, including, without limitation, phones, routers, PCs, and laptops.

52.     PRMI denies the allegations contained in Paragraph 52 of the Amended Complaint.

53      PRMI denies the allegations contained in Paragraph 53 of the Amended

Complaint.

54.     The allegations contained in Paragraph 54 of the Amended Complaint state legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, PRMI denies all such allegations.

55.     The allegations contained in Paragraph 55 of the Amended Complaint state legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, PRMI denies all such allegations.

**CAUSES OF ACTION**
**COUNT ONE: BREACH OF CONTRACT—BRANCH MANAGER AGREEMENT**
**(Against Jones, Durham, and Fortner)**

56.     PRMI admits that Paragraph 56 of the Amended Complaint purports to incorporate the Amended Complaint's foregoing paragraphs.

57.     PRMI denies the allegations contained in Paragraph 57 of the Amended Complaint.

58.     PRMI denies the allegations contained in Paragraph 58 of the Amended Complaint.

59.     As to the allegations contained in Paragraph 59 of the Amended Complaint, PRMI admits that Supreme Lending attached to the Amended Complaint three (3) "Producing Branch Manager Agreement[s]" that each appear to contain the signature of one (1) of the Branch Managers, but PRMI denies the allegations contained in Paragraph 59 of the Amended Complaint to the extent Supreme Lending is asserting that any of the Branch Managers breached or otherwise violated any of the "Producing Branch Manager Agreement[s]"; PRMI pleads that such agreements and/or certain of their terms are unenforceable, inapplicable, and/or were superseded or otherwise rendered ineffective, in whole or in part, because of Supreme Lending's

conduct and/or prior, contemporaneous, and/or later agreements.  PRMI further pleads that the "Producing Branch Manager Agreement[s]" speak for themselves, and therefore denies each and every allegation contained in Paragraph 59 of the Amended Complaint that is inconsistent with or contrary to the terms of the "Producing Branch Manager Agreement[s]" or Supreme Lending's prior, contemporaneous, and/or later agreements with the Branch Managers and/or Supreme Lending's conduct in connection with those agreements and/or contracts.   PRMI further denies any and all remaining allegations contained in Paragraph 59 of the Amended Complaint that are not expressly admitted in this Answer.

60.    PRMI denies the allegations contained in Paragraph 60 of the Amended Complaint.

61.    PRMI denies the allegations contained in Paragraph 61 of the Amended Complaint.

## COUNT TWO: BREACH OF CONTRACT—CONFIDENTIALITY AGREEMENTS
### (Against Jones, Durham, and Fortner)

62.    PRMI admits that Paragraph 62 of the Amended Complaint purports to incorporate the Amended Complaint's foregoing paragraphs.

63.    PRMI denies the allegations contained in Paragraph 63 of the Amended Complaint.

64.    PRMI denies the allegations contained in Paragraph 64 of the Amended Complaint.

65.    As to the allegations contained in Paragraph 65 of the Amended Complaint, PRMI admits that Supreme Lending attached to the Amended Complaint three (3) "Confidentiality, Inventions, and Non-Solicitation Agreement[s]" that each appear to contain the signature of one (1) of the Branch Managers, but PRMI denies the allegations contained in

Paragraph 65 of the Amended Complaint to the extent Supreme Lending is asserting that any of the Branch Managers breached or otherwise violated any of the "Confidentiality, Inventions, and Non-Solicitation Agreement[s]"; PRMI pleads that such agreements and/or certain of their terms are unenforceable, inapplicable, and/or were superseded or otherwise rendered ineffective, in whole or in part, because of Supreme Lending's conduct and/or prior, contemporaneous, and/or later agreements.   PRMI further pleads that the "Confidentiality, Inventions, and Non-Solicitation Agreement[s]" speak for themselves, and therefore denies each and every allegation contained in Paragraph 65 of the Amended Complaint that is inconsistent with or contrary to the terms of the "Confidentiality, Inventions, and Non-Solicitation Agreement[s]" or Supreme Lending's prior, contemporaneous, and/or later agreements with the Branch Managers and/or Supreme Lending's conduct in connection with those agreements and/or contracts.   PRMI further denies any and all remaining allegations contained in Paragraph 65 of the Amended Complaint that are not expressly admitted in this Answer.

66.     PRMI denies the allegations contained in Paragraph 66 of the Amended Complaint.

67.     PRMI denies the allegations contained in Paragraph 67 of the Amended Complaint.

## COUNT THREE: TORTIOUS INTERFERENCE WITH EXISTING CONTRACTS
### (Against All Defendants)

68.     PRMI admits that Paragraph 68 of the Amended Complaint purports to incorporate the Amended Complaint's foregoing paragraphs.

69.     PRMI is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 69 of the Amended Complaint;

therefore, such allegations are denied.

70.     PRMI denies the allegations contained in Paragraph 70 of the Amended Complaint.   PRMI further pleads that, to the extent Supreme Lending employees had "agreements with Supreme Lending[,]" such agreements have been rendered unenforceable, ineffective, and/or have been superseded, in whole or in part, by Supreme Lending's conduct and/or prior, contemporaneous, and/or later agreements.

71.     PRMI denies the allegations contained in Paragraph 71 of the Amended Complaint.  PRMI further pleads that the "Branch Manager Agreements" and "Confidentiality Agreements" and/or certain of their terms are unenforceable, inapplicable, and/or were superseded or otherwise rendered ineffective, in whole or in part, because of Supreme Lending's conduct and/or prior, contemporaneous, and/or later agreements.  PRMI also pleads that those contracts speak for themselves, and therefore denies each and every allegation contained in Paragraph 71 of the Amended Complaint that is inconsistent with or contrary to the terms of those contracts or Supreme Lending's prior, contemporaneous, and/or later agreements with the Branch Managers and/or Supreme Lending's conduct in connection with those agreements and/or contracts.  PRMI further pleads that, to the extent other Supreme Lending employees had "similar agreements" with Supreme Lending, such agreements have been rendered unenforceable, ineffective, and/or have been superseded, in whole or in part, by Supreme Lending's conduct and/or prior, contemporaneous, and/or later agreements.  Moreover, those agreements speak for themselves, and therefore PRMI denies each and every allegation contained in Paragraph 71 of the Amended Complaint that is inconsistent with or contrary to the terms of the those agreements or Supreme Lending's prior, contemporaneous, and/or later agreements with those employees, the Branch Managers and/or Supreme Lending's conduct in

connection with those agreements.

72.    PRMI denies the allegations contained in Paragraph 72 of the Amended Complaint.

73.    PRMI denies the allegations contained in Paragraph 73 of the Amended Complaint.

## COUNT FOUR: TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS
### (Against All Defendants)

74.    PRMI admits that Paragraph 74 of the Amended Complaint purports to incorporate the Amended Complaint's foregoing paragraphs.

75.    PRMI denies the allegations contained in Paragraph 75 of the Amended Complaint.

76.    PRMI denies the allegations contained in Paragraph 76 of the Amended Complaint.

77.    PRMI denies the allegations contained in Paragraph 77 of the Amended Complaint.

78.    PRMI denies the allegations contained in Paragraph 78 of the Amended Complaint.

79.    PRMI denies the allegations contained in Paragraph 79 of the Amended Complaint.

80.    PRMI denies the allegations contained in Paragraph 80 of the Amended Complaint.

81.    PRMI denies the allegations contained in Paragraph 81 of the Amended Complaint.

82.     PRMI denies the allegations contained in Paragraph 82 of the Amended Complaint.

## COUNT FIVE: BREACH OF FIDUCIARY DUTY
### (Against Jones, Durham, and Fortner)

83.     PRMI admits that Paragraph 83 of the Amended Complaint purports to incorporate the Amended Complaint's foregoing paragraphs.

84.     The allegations contained in Paragraph 84 of the Amended Complaint state legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, PRMI denies all such allegations.

85.     PRMI denies the allegations contained in Paragraph 85 of the Amended Complaint.

86.     PRMI denies the allegations contained in Paragraph 86 of the Amended Complaint.

87.     PRMI denies the allegations contained in Paragraph 87 of the Amended Complaint.

## COUNT SIX: CONVERSION
### (Against All Defendants)

88.     PRMI admits that Paragraph 88 of the Amended Complaint purports to incorporate the Amended Complaint's foregoing paragraphs.

89.     The allegations contained in Paragraph 89 of the Amended Complaint state legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, PRMI denies all such allegations.

90.     The allegations contained in Paragraph 90 of the Amended Complaint state legal conclusions to which no responsive pleading is required, but to the extent such allegations

nonetheless require a response, PRMI denies all such allegations.

91.     As to the allegation contained in Paragraph 91 of the Amended Complaint that "Supreme Lending further had a possessory right to its office furniture and equipment[,]" such allegation states a legal conclusion to which no responsive pleading is required, but to the extent such allegation nonetheless requires a response, PRMI denies such allegation. As to the allegation contained in Paragraph 91 of the Amended Complaint that "PRMI wrongfully withheld" Supreme Lending's "office furniture and equipment[,]" PRMI denies such allegation; PRMI never wrongfully possessed or withheld any of Supreme Lending's property.

92.     PRMI denies the allegations contained in Paragraph 92 of the Amended Complaint.

93.     PRMI denies the allegations contained in Paragraph 93 of the Amended Complaint.

94.     PRMI denies the allegations contained in Paragraph 94 of the Amended Complaint.

## COUNT SEVEN: MISAPPROPRIATION OF TRADE SECRETS
### (Against All Defendants)

95.     PRMI admits that Paragraph 95 of the Amended Complaint purports to incorporate the Amended Complaint's foregoing paragraphs.

96.     PRMI is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in Paragraph 96 of the Amended Complaint; therefore, such allegations are denied.

97.     PRMI denies the allegations contained in Paragraph 97 of the Amended Complaint.

98.     As to the allegation contained in the first sentence of Paragraph 98 of the

Amended Complaint, PRMI is without knowledge or information sufficient to form a belief about the truth or falsity of such allegation; therefore, such allegation is denied.  As to the allegation contained in the second sentence of Paragraph 98 of the Amended Complaint, PRMI denies such allegation.

99.     As to the allegation contained in the first sentence of Paragraph 99 of the Amended Complaint, such allegation states a legal conclusion to which no responsive pleading is required, but to the extent such allegation nonetheless requires a response, PRMI denies such allegation.  As to the allegation contained in the second sentence of Paragraph 99 of the Amended Complaint, PRMI denies such allegation because PRMI neither has, nor had, any knowledge of any misappropriation by the Branch Managers of Supreme Lending's trade secrets and/or confidential information and/or proprietary information.

100.    PRMI denies the allegations contained in Paragraph 100 of the Amended Complaint.

101.    PRMI denies the allegations contained in Paragraph 101 of the Amended Complaint.

102.    PRMI denies the allegations contained in Paragraph 102 of the Amended Complaint.

## COUNT EIGHT: UNFAIR COMPETITION
### (Against All Defendants)

103.    PRMI admits that Paragraph 103 of the Amended Complaint purports to incorporate the Amended Complaint's foregoing paragraphs.

104.    As to the allegation contained in the first sentence of Paragraph 104 of the Amended Complaint, PRMI is without knowledge or information sufficient to form a belief about the truth or falsity of such allegation; therefore, such allegation is denied.  As to the

allegations in the second sentence, third sentence, and fourth sentence of Paragraph 104 of the Amended Complaint, PRMI denies all such allegations.  PRMI further denies any and all remaining allegations contained in Paragraph 104 of the Amended Complaint that are not expressly admitted in this Answer.

105.   PRMI admits that Supreme Lending filed this lawsuit seeking redress.  However, PRMI denies the remaining allegations contained in Paragraph 105 of the Amended Complaint.

106.   PRMI admits that Supreme Lending filed this lawsuit seeking redress.  However, PRMI denies the remaining allegations contained in Paragraph 106 of the Amended Complaint.

### COUNT NINE: BREACH OF CONTRACT—LEASE ASSIGNMENT
### (Against PRMI)

107.   PRMI admits that Paragraph 107 of the Amended Complaint purports to incorporate the Amended Complaint's foregoing paragraphs.

108.   PRMI denies the allegations contained in Paragraph 108 of the Amended Complaint.

109.   PRMI denies the allegations contained in Paragraph 109 of the Amended Complaint.

110.   PRMI denies the allegations contained in Paragraph 110 of the Amended Complaint.

111.   PRMI denies the allegations contained in Paragraph 111 of the Amended Complaint.

### COUNT TEN: PROMISSORY ESTOPPEL
### (Against PRMI)

112.   PRMI admits that Paragraph 112 of the Amended Complaint purports to incorporate the Amended Complaint's foregoing paragraphs.

113.    PRMI denies the allegations contained in Paragraph 113 of the Amended Complaint.

114.    PRMI denies the allegations contained in Paragraph 114 of the Amended Complaint.

115.    PRMI denies the allegations contained in Paragraph 115 of the Amended Complaint.

## COUNT ELEVEN: UNJUST ENRICHMENT
### (Against PRMI)

116.    PRMI admits that Paragraph 116 of the Amended Complaint purports to incorporate the Amended Complaint's foregoing paragraphs.

117.    PRMI denies the allegations contained in Paragraph 117 of the Amended Complaint.

118.    The allegations contained in Paragraph 118 of the Amended Complaint state legal conclusions to which no responsive pleading is required, but to the extent such allegations nonetheless require a response, PRMI denies such allegations.   Moreover, PRMI expressly denies that it breached any contract with Supreme Lending, breached any fiduciary duty with Supreme Lending, misappropriated any of Supreme Lending's trade secrets and/or confidential information and/or propriety information, and/or that PRMI received or obtained any "ill-gotten gains" from Supreme Lending.

## COUNT TWELVE: CONSPIRACY
### (Against All Defendants)

119.    PRMI admits that Paragraph 119 of the Amended Complaint purports to incorporate the Amended Complaint's foregoing paragraphs.

120.    PRMI denies the allegations contained in Paragraph 120 of the Amended

Complaint.

121.    PRMI denies the allegations contained in Paragraph 121 of the Amended Complaint.

122.    PRMI denies the allegations contained in Paragraph 122 of the Amended Complaint.

## COUNT THIRTEEN—AIDING AND ABETTING
### (Against All Defendants)

123.    PRMI admits that Paragraph 123 of the Amended Complaint purports to incorporate the Amended Complaint's foregoing paragraphs.

124.    PRMI denies the allegations contained in Paragraph 124 of the Amended Complaint.

125.    PRMI denies the allegations contained in Paragraph 125 of the Amended Complaint.

126.    PRMI denies the allegations contained in Paragraph 126 of the Amended Complaint.

## COUNT FOURTEEN—EXEMPLARY DAMAGES
### (Against All Defendants)

127.    PRMI admits that Paragraph 127 of the Amended Complaint purports to incorporate the Amended Complaint's foregoing paragraphs.

128.    PRMI denies the allegations contained in Paragraph 128 of the Amended Complaint.

## REQUEST FOR ATTORNEYS' FEES

129.    PRMI admits that Paragraph 129 of the Amended Complaint purports to incorporate the Amended Complaint's foregoing paragraphs.

130.   PRMI denies the allegations contained in Paragraph 130 of the Amended Complaint.

## JURY DEMAND

131.   PRMI admits that Paragraph 131 of the Amended Complaint purports to incorporate the Amended Complaint's foregoing paragraphs.

132.   PRMI admits that Supreme Lending has requested a jury trial for this matter.

## PRAYER

PRMI denies that Supreme Lending is entitled to any of the relief requested in the Amended Complaint.  Further, PRMI denies any and all remaining allegations contained in the Amended Complaint that are not expressly admitted above.

## DEMAND FOR JURY TRIAL

PRMI requests a jury trial on all claims and issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that it would not otherwise have, PRMI pleads the following affirmative defenses and reserves the right to amend this Answer, or any amendment or supplement hereto, to include additional defenses as additional information becomes available.

## FIRST AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by its own mistakes and the doctrine of unclean hands.

## SECOND AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the doctrines of equitable estoppel, promissory estoppel, and/or quasi estoppel.

### THIRD AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the doctrine of ratification.

### SIXTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the doctrine of modification.

### SEVENTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the doctrine of release.

### EIGHTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the statute of frauds.

### NINTH AFFIRMATIVE DEFENSE

PRMI specifically denies that it wrongfully interfered with any of Supreme Lending's contracts or relationships.  However, to the extent the Court or jury somehow concludes otherwise, any such interference was legally justified and/or privileged.

### TENTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by its own fraudulent conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by its own negligent and/or fraudulent misrepresentations.

## TWELFTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by its own failure to perform its obligations.

## THIRTEENTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by Supreme Lending's failure to mitigate its damages, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the doctrines of contributory negligence, comparative fault, and proportional responsibility; Supreme Lending's own acts or omissions caused or contributed to Supreme Lending's injury, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent PRMI possessed any of Supreme Lending's property, if at all, PRMI did so at all times in good faith and with the legal right to such possession.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent PRMI refused to return any of Supreme Lending's property, if at all, PRMI did so in good faith, because it had a reasonable doubt about Supreme Lending's right to possess the property.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, because Supreme Lending's claimed trade secrets and/or confidential and/or proprietary information, if any, were/are generally known in Supreme Lending's industry and were/are not secret.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, because Supreme Lending did

not take reasonable efforts to maintain the secrecy of its claimed trade secrets and/or confidential and/or proprietary information, if any.

## NINETEENTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, because it expressly and/or impliedly consented and/or acquiesced to the disclosure and/or use of its claimed trade secrets and/or confidential and/or proprietary information, if any, and Supreme Lending waived any right to claim otherwise.

## TWENTIETH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the doctrine of independent development.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by its failure to enforce its rights, if any, as to its claimed trade secrets and/or confidential and/or proprietary information, its covenant not to compete agreements with its employees, and/or loans in process at Supreme Lending.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent any of the agreements at issue are enforceable, if at all, Supreme Lending's claims are barred, in whole or in part, because they are based on unenforceable covenant not to compete agreements. The purported agreements Supreme Lending relies on are, among other things, unreasonable, lack adequate consideration, are not ancillary to an otherwise enforceable agreement, are overbroad, are not sufficiently limited as to time, geographic area, and/or the scope of the activity to be restrained, and impose a greater restraint than is/was necessary to protect Supreme Lending's interest, if any.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent any of the agreements at issue are enforceable, Supreme Lending's claims are barred, in whole or in part, by the doctrine of anticipatory breach, because of Supreme Lending's prior material breaches of the agreements at issue.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent any of the agreements at issue are enforceable, Supreme Lending's claims are barred, in whole or in part, by the doctrines of material breach, discharge, and/or repudiation.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent any of the agreements at issue are enforceable, Supreme Lending's claims are barred, in whole or in part, by the doctrines of lack of consideration and/or failure of consideration.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent any of the agreements at issue are enforceable, Supreme Lending's claims are barred, in whole or in part, by the doctrine of novation.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the doctrine of assumption of the risk.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by its failure(s) to state a claim upon which relief may be granted.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the economic loss rule.

## THIRTIETH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the defense of lawful competition.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the doctrine of privilege or legal justification.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the doctrine of merger.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, because their damages, if any, are the result of intervening and/or superseding causes.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the mirror-image doctrine.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the doctrine of excuse.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by consent and acquiescence.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the doctrine of preemption.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Supreme Lending's claims are barred, in whole or in part, by the doctrine of duress.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Supreme Lending's claim for punitive damages is limited by Section 41.008(b) of the

Texas Civil Practices and Remedies Code.

## FORTIETH AFFIRMATIVE DEFENSE

Supreme Lending's claims for punitive damages are barred, in whole or part, because the imposition of punitive or exemplary damages violates PRMI's rights to procedural due process under the Fifth Amendment to the United States Constitution and under the Constitution of the State of Texas.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Supreme Lending's claims for punitive or exemplary damages are barred, in whole or part, because the imposition punitive or exemplary damages violates PRMI's rights to protection from excessive fines as prohibited by the Eighth Amendment to the Constitution of the United States and Article I, Section 13 of the Constitution of the State of Texas.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Supreme Lending's claims for punitive or exemplary damages are barred, in whole or part, because the imposition of punitive or exemplary damages upon proof of a standard less than a standard of beyond a reasonable doubt or denial of PRMI's rights to a unanimous jury verdict thereon violates PRMI's rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of Texas.

## PRMI'S PRAYER

For these reasons, PRMI prays that the Court, upon a final hearing of this matter, deny and dismiss with prejudice all claims set forth in the Amended Complaint, and any amendment or supplement thereto, and award PRMI attorneys' fees and costs to the extent permitted by applicable law, along with such other and further relief at law or equity, general or specific, to which it may be justly entitled.

Dated:  September 9, 2015          Respectfully submitted,

By:  <u>s/ *Richard S. Krumholz*            </u>
      Richard S. Krumholz
      State Bar No. 00784425
      richard.krumholz@nortonrosefulbright.com
      Matthew A. Durfee
      State Bar No. 24069654
      matt.durfee@nortonrosefulbright.com
      Norton Rose Fulbright US LLP
      2200 Ross Avenue, Suite 3600
      Dallas, TX 75201-2784
      Tel.: (214) 855-8000
      Fax: (214) 855-8200

      Andrea L. D'Ambra
      *Admitted Pro Hac Vice*
      Virginia Bar No. 65376
      andrea.dambra@nortonrosefulbright.com
      Norton Rose Fulbright US LLP
      666 Fifth Avenue
      New York, New York  10103-3198
      Tel.: (212) 318-3015
      Fax: (212) 318-3400

      Darryl J. Lee
      *Admitted Pro Hac Vice*
      Utah Bar No. 4955
      dlee@primeres.com
      Primary Residential Mortgage, Inc.
      1480 N. 2200 W.
      Salt Lake City, Utah 84116
      Tel.: (801) 596-8707 ext. 1000139
      Fax: (801) 326-6386

      **ATTORNEYS FOR DEFENDANT PRIMARY RESIDENTIAL MORTGAGE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2015, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept the Notice of Electronic Filing as service of this document by electronic means:

Mikel J. Bowers                            Robert Blackwell
Kristopher D. Hill                         Blackwell, Blackburn & Stephenson LLP
Bell Nunnally & Martin LLP                 7557 Rambler Rd., Suite 1400
1400 One McKinney Plaza                    Dallas, TX 75231
3232 McKinney Ave.
Dallas, TX 75204-2429


                                           _s/ Matthew A. Durfee_____
                                           Matthew Durfee